*E-Filed 6/22/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: KAYOUMY | No. C 11-80135 MISC RS |

**ORDER**

_____/

On June 14, 2011, Alexander Aziz Kayoumy filed a request to correct his birth date as it appears on his Certificate of Citizenship. The Certificate lists a date of birth on November 16, 1961, and Mr. Kayoumy indicates that his correct birth date is actually November 16, 1956. A Certificate of Citizenship is issued by the United States Citizenship and Immigration Services. Kayoumy's initial petition included no indication that he had notified or otherwise attempted to seek the correction directly from the agency. This Court directed Kayoumy to pursue his administrative remedy before petitioning the courts.

On June 21, 2011, Kayoumy filed a response suggesting that he had, in fact, sought relief from USCIS. By letter dated May 23, 2011, USCIS rejected his request to correct his birth date. This matter shall be reopened, and Kayoumy is directed to, within ten days of this Order's issuance,

1  amend his petition to include his argument that the USCIS has taken final action, file it with the
2  Court, and then serve that petition on the district director.

3      By way of guidance, two regulations govern Mr. Kayoumy's request to amend his Certificate of Naturalization. Title 8 C.F.R. § 334.16(b), which allows for an amendment to a *petition* for naturalization, provides in part: "whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located." 8 C.F.R. § 334.16(b) (2009). If the application is made "to correct a clerical error arising from oversight or omission," the district director may not object to the petition. 8 C.F.R. § 334.16(b). The Regulations further allow a correction to a naturalization *certificate* when it "does not conform to the facts shown on the application for naturalization or when a clerical error occurred in preparing the certificate." 8 C.F.R. § 338.5. Courts have used section 338.5 to make amendments to a Certificate of Naturalization upon a finding of an honest mistake made by the petitioner seeking amendment. *See, e.g.*, *In re Mohammad Atiq Taymuree*, No. 09-3420, 2009 WL 3817922, at *2 (N.D. Cal. Nov. 12, 2009) (citing *Kouanchao v. United States Citizenship and Immigration Servs.*, 358 F. Supp. 2d 837 (D. Minn. 2005); *Varghai v. INS, District Director*, 932 F. Supp. 1245, 1246 (D. Or. 1996)).

    Before this Court considers Kayoumy's request, however, he must first re-file his petition to include the fact of agency determination, and then serve the agency so it will have an opportunity to respond.

IT IS SO ORDERED.

Dated: 6/22/11

    RICHARD SEEBORG
    UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

**Alexander Aziz Kayoumy**
276 Junipero Street
Pleasanton, CA 94566

DATED: 6/22/11

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

No. C 11-80135 RS
ORDER

3