*E-Filed 10/28/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE ALEXANDER AZIZ KAYOUMY      No. C 11-mc-80135 RS

**ORDER GRANTING PETITIONER'S MOTION TO CORRECT BIRTHDATE ON NATURALIZATION CERTIFICATE**

_____/

## I. INTRODUCTION

Alexander Aziz Kayoumy file a petition to correct his birth date as it appears on his Certificate of Citizenship. The Certificate lists a date of birth of November 16, 1961, but Kayoumy insists that the correct date is actually November 16, 1956. He attributes this discrepancy to an improper conversion of the Eastern Lunar calendar birth date into the Gregorian calendar system. Kayoumy seeks to become a linguist in the United States Military and must remedy this inconsistency before the Department of Homeland Security will permit him to enter service. The Government responded to Kayoumy's petition, asserting that he has not met his burden of proving that his birth date is actually November 16, 1956.

## II. FACTUAL BACKGROUND

On June 14, 2011, Kayoumy filed a request for the Court to correct the date of birth listed on his Naturalization Certificate. He maintains that his actual birth date is November 16, 1956, even

though the Certificate shows his birthday to be November 16, 1961. On June 16, 2011, the Court determined that it did not have jurisdiction over Kayoumy's request because there was no indication that he had notified or otherwise attempted to obtain the correction directly from the agency which issues such certificates, the United States Citizenship and Immigration Services ("USCIS"). The Court then directed Kayoumy to pursue his administrative remedy before returning to court.

On June 21, 2011, Kayoumy filed a response. With this response, he included evidence of a letter from the USCIS rejecting his request to correct the listed birth date. The Court then advised Kayoumy to amend his petition to include the argument that the USCIS had already taken final agency action. On July 15, 2011, Kayoumy filed this amended petition. The Government responded to his petition on October 12, 2011, defending USCIS's decision to deny Kayoumy's request and refusing to recommend amendment to the Court.

### III. LEGAL STANDARD

#### A. Jurisdictional Authority

Two regulations govern Mr. Kayoumy's request to amend his Certificate of Naturalization. For an amendment to a *petition* for naturalization, Title 8 C.F.R. § 334.16(b), provides: "whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located." 8 C.F.R. § 334.16(b) (2009). The district director may not deny the petition if the application is made "to correct a clerical error arising from oversight or omission." 8 C.F.R. § 334.16(b). The Regulations further allow a correction to a naturalization *certificate* when it "does not conform to the facts shown on the application for naturalization or when a clerical error occurred in preparing the certificate." 8 C.F.R. § 338.5. Courts have used section 338.5 to make amendments to a Certificate of Naturalization if it is determined that the petitioner seeking amendment had simply made "an honest mistake." *In re Lee*, No. C 06-80150-MISC MJJ, 2007 WL 926501, at *2 (N.D. Cal. Mar. 26, 2007); *see, e.g.*, *In re Taymuree*, No. 09-3420, 2009 WL 3817922, at *2 (N.D. Cal. Nov. 12,

2009) (citing *Kouanchao v. United States Citizenship and Immigration Servs.*, 358 F. Supp. 2d 837 (D. Minn. 2005)); *Varghai v. INS, District Director*, 932 F. Supp. 1245, 1246 (D. Or. 1996)).

### B. Burden of Proof

As the petitioner, Kayoumy bears the burden of demonstrating that November 16, 1956, is his accurate birth date. *In re Lee*, 2007 WL 926501, at *2 (citing *Kouanchao*, 358 F. Supp. 2d at 838). This is due to the fact that "regulations governing administrative amendments to certificates of naturalization 'are resistant to changing birth dates for any reason other than clerical error on the part of the U.S. officials.'" *Bing Quang Le v. United States Citizenship and Immigration Servs., Dist. Director*, No. C11-01971 HRL, 2011 WL 3678909, at *2 (quoting *Vargai v. INS, Dist. Director*, 932 F. Supp 1245, 1246 (D. Or. 1996)).

## IV. DISCUSSION

Generally, courts deny petitions to amend certificates of naturalization only when there is either "some indication of fraud or bad faith" or a complete lack of reliable evidence proffered by the petitioner. *Hussain v. United States Citizenship and Immigration Servs., Dist. Director*, 541 F. Supp. 2d 1082, 1086 (D. Minn. 2008); *see, e.g.*, *Bing Quang Le*, 2011 WL 3678909, at *2 ("[C]ourts denying petitions to amend certificates of naturalization typically ha[ve] concerns about fraud."); *In re Hua*, No. 07 MC 04 S, 2007 WL 1087563, at *2 (W.D.N.Y. April 9, 2007) (holding that an untranslated and unauthenticated foreign birth certificate was insufficient evidence of petitioner's correct birth date); *Zhang v. U.S. Dep't of Homeland Sec.*, No. 06-MC-122, 2007 WL 2156648, at *4-5 (N.D.N.Y. July 25, 2007) (denying petition because proffered new birth date would have meant that petitioner's mother was fifty-seven when she gave birth to him); *In re Ohanian*, No. 93-218, 1995 WL 62733, at *1 (E.D.N.Y. Feb. 7, 1995) (refusing to grant petition when petitioner got confused about birth date when testifying on stand). Conversely, courts tend to grant such petitions when there is "unequivocal evidence" as to the true birth date or "where no prejudice results to the government." *In re Lee*, 2007 WL 926501, at *3 (granting petition when inaccurate date was the result of a mistranslation from the lunar calendar); *see also Kouanchao*, 358

F. Supp. 2d at 838 (amending a certificate when petitioner offered probable explanation for date discrepancy and provided a birth certificate and two affidavits in support of his proffered birth date).

Kayoumy asserts that his correct birth date is November 16, 1956. In support, he submits: (1) a birth certificate from the Embassy of Afghanistan in Washington, D.C.; (2) two affidavits from witnesses attesting to his proffered birth date; (3) a letter from the Social Security Administration showing his birthday to be November 16, 1956; (4) a copy of his driver's license also listing his birth date as November 16, 1956; and (5) a copy of his social security card. He explains that the birth date displayed on his Naturalization Certificate—November 16, 1961—is inaccurate because his actual birthday was improperly converted from the Eastern Lunar calendar to the Gregorian calendar system. The Government filed a response to Kayoumy's petition explaining why the USCIS denied Kayoumy's request for a correction. The response does not argue that there is any evidence of fraud or bad faith on behalf of Kayoumy. Nor does it assert that an amendment to Kayoumy's petition would result in prejudice to the government. Rather, the Government contends that Kayoumy has not explained "the true source of this discrepancy," and that it is unlikely that the five-year discrepancy is a result of a "simple miscalculation." (Dkt. 8).

A five year discrepancy, however, may be considered a "simple miscalculation" if there is ample evidence of the petitioner's correct birth date and no indication of improper motive. In *Varghai*, the Court granted petitioner's request to correct the birth date listed on his Certificate. 932 F. Supp. at 1247. Petitioner argued that his birth date had been improperly converted from the Iranian Solar Calendar. *Id.* at 1247. The Court determined that, despite a five-year discrepancy between the date listed on the Certificate and the proffered birth date, there was no proof of "intent to commit fraud." *Id.* at 1247. Rather, petitioner had simply trusted an Iranian government official to convert his birth date correctly into the Gregorian calendar system.

Here, there is similarly no evidence of improper motive or fraud. There is also no indication that the granting of Kayoumy's request would prejudice the government in any way. In fact, Kayoumy seeks the amendment in order to serve the United States as a linguist in the military. Furthermore, Kayoumy has included a number of reliable documents attesting that his correct birth

No. C
ORDER

4

date is November 16, 1956. This evidence is sufficient to demonstrate that Kayoumy is entitled to a correction of the birth date listed on his Naturalization Certificate. *See, e.g.*, *Bing Quang Le*, 2011 WL 3678909 (granting petition based on an authenticated and translated copy of petitioner's Vietnamese birth certificate); *Nguyen v. U.S. Dep't of Homeland Sec..*, No. 06-118, 2007 WL 2156649, at *4 (N.D.N.Y. July 25, 2007) (holding that petitioner's credible testimony coupled with his certified authentic birth certificate were sufficient evidence of his accurate birth date).

## V. CONCLUSION

Based on the foregoing, Kayoumy's petition to amend the birth date on his Naturalization Certificate from November 16, 1961, to November 16, 1956, is granted. The Court orders the Clerk of this Court to serve the San Francisco District Director of the USCIS at 630 Sansome Street, San Francisco, California, 94111, with a copy of this Order to be placed in Kayoumy's administrative file pursuant to 8 C.F.R. § 334.16(b).

IT IS SO ORDERED.

Dated: 10/27/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C
ORDER